JUDGMENT

This case was considered on the record from the Federal Energy Regulatory Commission and on the briefs of the parties. See Fed. R.App. R. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the petitions for review are denied.
We review orders of the Federal Energy Regulatory Commission under the Administrative Procedure Act’s arbitrary and capricious standard and “must affirm the Commission’s orders as long as it has ‘examine[d] the relevant data and artieu-late[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.’ ” Wis. Pub. Power, Inc. v. FERC, 493 F.3d 239, 256 (D.C.Cir.2007) (alterations in original) (quoting Motor Vehicle Mfrs. Ass’n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Of particular importance for this case, our “review of whether a particular rate design is just and reasonable is highly deferential.” Id. at 256 (internal quotation marks omitted).
The Commission’s decision to approve amended tariff section 4.1.7a and to defer consideration of the additional change that Ravenswood sought was both reasonable and well-reasoned. In approving section 4.1.7a, the Commission evaluated the specific tariff change that NYISO submitted; found substantial evidence that the existing tariff under-compensated dual-fuel generators who comply with the minimum burn oil rule by requiring margin offsets; and reasonably concluded that the amendment solved that problem by eliminating the offset requirement. N.Y. Indep. Sys. Operator, Inc., 119 F.E.R.C. ¶ 61,130 (2007). The Commission also explained that the NYISO stakeholder process was the appropriate venue for addressing, in the first instance, the necessity and design of a compensation mechanism for the additional infrastructure costs that Ravenswood sought, concluding that such costs were of a different type than those addressed by the proposed amendment. Id. at 61,843. An incremental approach to a problem is certainly within the scope of the Commission’s discretion, see Mobil Oil Exploration & Producing Se. Inc. v. United Distribution Cos., 498 U.S. 211, 231, 111 S.Ct. 615, 112 L.Ed.2d 636 (1991) (“[A]n agency need not solve every problem before it in the same proceeding.”), especially in circumstances like these where it’s unclear that additional aspects of a problem even remain to be solved, see N.Y. Indep. Sys. Operator, Inc. (“Tariff Rehearing Order”), 121 F.E.R.C. ¶ 61,039, at 61,150 (2007) (explaining that “outstanding questions” ex *10 ist about whether infrastructure costs are in fact attributable to compliance with the reliability rule because “Ravens-wood and other dual-fuel generators may use the capability to burn oil for reasons other than complying with Rule I-R3”); see also id. (“[I]t is unclear whether the costs Ravenswood seeks are short term or long term, fixed or variable, incremental or ongoing, or avoidable or unavoidable.”)- Thus; the Commission reasonably determined that infrastructure compensation implicates distinct “concerns ... that are not present with respect to the incremental variable costs of burning oil,” id., and it reasonably deferred consideration of such compensation for a future proceeding.
Ravenswood’s arguments to the contrary are meritless. First, to the extent those arguments depend on the contention that the amendment proposed an initial rate rather than a revision to an existing rate, Ravenswood never made that claim before the Commission and therefore the clam is not properly before this court. See 16 U.S.C. § 8251(b) (court cannot consider objections never urged before the Commission without “reasonable ground” for failure); Entergy Servs., Inc. v. FERC, 319 F.3d 536, 545 (D.C.Cir.2003) (same). Indeed, Ravenswood took the opposite position in the administrative proceedings. See, e.g., Request for Rehearing of Keyspan-Ravenswood LLC, Docket No. ER07-748-000, at 7-8 (arguing that the tariff amendment fixed one “defect” in the existing rate but not another); id. at 9 (arguing that “NYISO chose to fix only one aspect of the discriminatory existing rate”). Second, Ravenswood’s claim that the Commission strayed from its precedent without explanation by approving a “half-rate” in section 4.1.7a, rather than the “make-whole rate” it has approved for other kinds of reliability services, likewise fails. In reality, the Commission considered and complied with that precedent in addressing the particular rate revision before it and in determining that the amendment set a just and reasonable rate. Finally, the Commission correctly rejected Ravenswood’s reliance on Cities of Batavia v. FERC, 672 F.2d 64 (D.C.Cir.1982), and its “integral rate” analysis. Batavia is relevant only where the claim is that a changed rate interacts with an existing rate in a way that creates an unjust result, see E. Term. Nat’l Gas Co. v. FERC, 863 F.2d 932, 942-44 (D.C.Cir.1988) — not where, as here, the claim is that one aspect of an existing rate is unjust regardless of the proposed change to another aspect, see, e.g., Request for Rehearing 7-8 (arguing that two independent “defects” in the tariff exist). Thus, the Commission correctly recognized that if it ordered the revision that Ravens-wood requested, then it would be proposing to alter aspects of the existing rate structure that the utility did not itself propose to change and would therefore have to transform the matter into a proceeding under section 206 of the Federal Power Act, 16 U.S.C. § 824e. See Tariff Rehearing Order, 121 F.E.R.C. at 61,149; see also W. Res., Inc. v. FERC, 9 F.3d 1568, 1578-79 (D.C.Cir.1993). As a result, the Commission appropriately concluded that “the only rate provisions before it in this proceeding [were] NYISO’s proposal to pay generators ... the variable operating costs” associated with compliance, not the infrastructure costs associated with dual-fuel capacity in the first place. Tariff Rehearing Order, 121 F.E.R.C. at 61,149.
As to the Commission’s denial of Rav-enswood’s section 206 complaint, Ravens-wood claims that the Commission erred in refusing to consider certain of its arguments on the merits when it denied rehearing. The Commission reasoned that it needn’t address those issues because its separate approval of the amended tariff *11 provided the prospective relief that Rav-enswood sought in its complaint and because the Commission lacked authority to order any further relief under section 206. Keyspan-Ravenswood, LLC, 119 F.E.R.C. ¶ 61,319, at 62,876 (2007). Ravenswood suggests two reasons why the Commission could have ordered additional relief in the section 206 proceeding that the tariff amendment did not itself provide, preventing its complaint from being moot. First, Ravenswood argues that the Commission “unquestionably ha[cl] the authority to require the NYISO, under FPA Section 206, to restore lost-margins from the date of Ravenswood’s complaint.” Petr.’s Opening Br. 54. Our recent holding in City of Anaheim v. FERC, 558 F.3d 521 (D.C.Cir.2009), suggests otherwise. See id. at 524 (section 206(b) “authorizes only retroactive refunds (rate decreases), not retroactive rate increases”). In any event, Ravens-wood admits that this relief is relevant only if we vacate the tariff amendment: because it provided no reliability services between the date of the complaint and the effective date of the amendment, the amendment provides all the compensation Ravenswood is due for 2007. Petr.’s Opening Br. 54 n. 5. Second, Ravenswood argues that the Commission was obligated to “make a reasoned determination as to whether to restore lost margins beginning in May 2006” — i.e., approximately a year prior to the complaint. Id. at 54. In this regard, it arg-ues that NYISO was on notice of its objection in the summer of 2006 and insists that the Commission could have therefore ordered retrospective relief for its lost profits during that summer. The cases on which Ravenswood relies, however, address the Commission’s power to order retroactive rates under section 205, 16 U.S.C. § 824d, or to remedy its own errors after being reversed in court, and do not authorize such retroactive ratemaking under section 206. See City of Anaheim, 558 F.3d at 525.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cir. R. 41.